NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSITA GEORGE, | No. 19-17153 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-08200-DLR |
| v. | |
| OFFICE OF NAVAJO AND HOPI INDIAN RELOCATION, an Administrative Agency of the United States, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted August 10, 2020
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Rosita George appeals the district court's grant of summary judgment in

favor of the Office of Navajo and Hopi Indian Relocation ("ONHIR"). We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

George is a fifty-five-year-old Navajo woman who was forced to relocate

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

from her home on the reservation after the land was court-partitioned pursuant to the Navajo-Hopi Land Settlement Act of 1974. George is entitled to relocation benefits under the Act and pertinent regulations if she can show that she (1) resided on Hopi court-partitioned land on December 22, 1974 and (2) was the "head of household" on or before July 7, 1986.[1] 25 C.F.R. §§ 700.147(a), (e). Only the second requirement—the "head of household" status—is at issue in this appeal.

Federal regulations define "head of household" as an "individual who speaks on behalf of the members of the household and who is designated by the household members to act as such." *Id.* § 700.69(b). A single applicant can constitute a household if the applicant shows that she "actually maintained and supported . . . herself." *Id.* § 700.69(a)(2). The regulations do not otherwise define self-supporting status.

In 2009, George applied for relocation benefits with ONHIR. George noted in her application that she neither was married nor had any children as of July 7, 1986, but that she held a variety of jobs from 1984 through 1986, including a "self-employment" job in 1985 selling Kachina dolls for which she earned $1,500. ONHIR denied George's application on the basis that she failed to show "head of

---

[1] Pursuant to 25 C.F.R. § 700.69(c), a Navajo applicant must establish she was the head of household at the time she was forced to relocate. Here, there is no dispute that July 7, 1986 is the applicable date for the head-of-household determination.

household" status entitling her to benefits. Specifically, ONHIR concluded that George failed to provide documentation corroborating her claim that she earned cash income from the sale of Kachina dolls in 1985. Without this income from 1985, George failed to establish yearly earnings of $1,300 and, therefore, failed to show that she was self-supporting by July 7, 1986.

George appealed the agency's determination. After an appeal hearing, the hearing officer found that George's and her aunt's testimony about their employment selling Kachina dolls was not credible and was unreliable. The hearing officer in turn concluded that George's "claim of being a self-supporting head of household before July 7,1986 [was] not supported by a preponderance of credible evidence" and denied the appeal.

George then filed the instant suit against ONHIR pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06. After cross-motions for summary judgment, the district court granted summary judgment to ONHIR and affirmed the agency's determination.

We review the district court's grant of summary judgment de novo, applying the same standard of review under the APA employed by the district court. *Walker v. Navajo-Hopi Indian Relocation Comm'n*, 728 F.2d 1276, 1278 (9th Cir. 1984). Here, the applicable standard is whether the denial of benefits was "arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

The hearing officer concluded that George failed to establish she was self-supporting because she offered no credible or reliable evidence of her employment selling Kachina dolls in 1985. However, George's application and testimony on appeal were not limited to evidence about George's income from the sales of Kachina dolls. For example, George offered evidence that, by July 7, 1986, she stopped living with her extended family, lived in an apartment that she shared with a roommate, and was employed by Coconino County. The hearing officer acknowledged some of these additional factors in his findings of fact but did not evaluate how this relevant evidence impacted the officer's ultimate conclusions. The hearing officer also limited his adverse credibility findings to the testimony about the sales of Kachina dolls.

In its briefing and at oral argument, ONHIR agreed that the $1,300 income threshold is not an absolute rule, and that an applicant who earns less than $1,300 in yearly earnings may qualify as self-supporting under the regulations if other evidence establishes that the applicant is self-supporting. Similarly, ONHIR's internal memoranda states that "[a]rtificial income levels are not sufficient to determine self-supporting status." Therefore, the hearing officer erred in failing to evaluate any of the evidence other than the testimony about the income from selling

4

Kachina dolls. *See Cal. Energy Comm'n v. Dep't of Energy*, 585 F.3d 1143, 1150–51 (9th Cir. 2009) (agency action is arbitrary and capricious if the agency "failed to consider an important factor or aspect of the problem" or "failed to articulate a rational connection between the facts found and the conclusions made"). This is particularly true here, where, according to ONHIR's own calculations, George showed documented proof of income of approximately $1,100 from January to July 7, 1986—only a few hundred dollars shy of the $1,300 threshold. In addition, the administrative record shows that George was not considered a dependent for purposes of her father's relocation-benefits determination. We therefore remand the case to the district court with instructions to remand the case to the agency for the limited purpose of weighing and considering this evidence in the first instance. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("[I]f the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). We express no view as to the proper outcome on remand.

**VACATED and REMANDED with instructions**. Each party shall bear its own costs.